IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:10-cv-953-J34JRK

MECHELL THOMPSON,

    Plaintiff,

v.

CONSUMER PORTFOLIO SERVICES, INC.,

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, MECHELL THOMPSON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, CONSUMER PORTFOLIO SERVICES, INC., ("Defendant") or ("CPS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Since the inception of Defendant's collection efforts toward Plaintiff, Defendant has repeatedly telephoned Plaintiff multiple times per day through her home, work, and cell phone numbers.

12. Plaintiff has instructed Defendant's collectors on numerous occasions not to contact her at her place of employment, as it violates her employer's policy regarding personal phone calls, yet Defendant steadfastly refuses to stop calling her at that number.

13. In or around July 2010, Defendant's collector, "Mr. Velez," contacted Plaintiff's employer directly, without her express or implied permission, and spoke of the alleged debt directly with him.

14. In or around July 2010, Plaintiff unequivocally communicated to Defendant that she could not participate in a previously negotiated repayment arrangement and that an alternate arrangement would have to be made.

15. Despite acknowledging Plaintiff's request and assuring no payments would be withdrawn from her bank account, Defendant, indeed, attempted to withdraw payment from Plaintiff's bank account pursuant to the cancelled agreement without Plaintiff's consent or any other legal justification for same.

16. Throughout the Defendant's collection efforts toward Plaintiff, Defendant has continuously called Plaintiff's cell phone without legal justification and without her express permission for same. In fact, on numerous occasions, Plaintiff has specifically instructed Defendant not to contact her through her cell phone.

17. On September 1, 2010, Plaintiff's attorney sent a written correspondence to Defendant advising Defendant of Plaintiff's intention to file a lawsuit if a settlement could not be reached and directing Defendant to direct all future contacts and correspondence to Plaintiff's attorney. (See September 1, 2010 correspondence, attached hereto as Exhibit "A").

18. On or around September 15, 2010, in contravention of Plaintiff's notice letter to Defendant, Defendant's collector, "Felix" contacted Plaintiff without stating that he was calling from CPS or that the call was made in an attempt to collect a debt.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21. Defendant violated 15 U.S.C. § 1692d(6) by placing a telephone call to Plaintiff without meaningful disclosure of Defendant's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose to Plaintiff that a communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25. Defendant violated 15 U.S.C. § 1692b(6) by communicating with Plaintiff with the knowledge that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

27. Defendant violated 15 U.S.C. § 1692d(5) by engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

- a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

- b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

- c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

- d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

- e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

- f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing a non-emergency telephone call using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiff's prior express consent, for which Plaintiff was charged for the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

- a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

- b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST CPS

30. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

31. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff.

32. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(4) OF THE FCCPA
## AGAINST CPS

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

34. Defendant violated §559.72(4) of the Florida Consumer Collection Practices Act by communicating with Plaintiff's employer without Plaintiff's express or implied permission.

35. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST CPS

36. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

37. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt with the knowledge that the debt was not legitimate or asserting the existence of some other legal right with the knowledge that the right does not exist.

38. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 12th day of October, 2010.

Respectfully submitted,
MECHELL THOMPSON

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

# EXHIBIT A

# WEISBERG & MEYERS, LLC
### ATTORNEYS FOR CONSUMERS
### WWW.ATTORNEYSFORCONSUMERS.COM
### TOLL FREE NATIONWIDE 1-888-595-9111

**FLORIDA OFFICE**
5722 S. FLAMINGO ROAD
#656
COOPER CITY FL 33330
954-212-2184
866-577-0963 FACSIMILE

EXTENSION: 211
E-MAIL: AWEISBERG@ATTORNEYSFORCONSUMERS.COM

**ILLINOIS OFFICE**
205 N. MICHIGAN AVE.
40TH FLOOR
CHICAGO IL 60601
312-625-5559
866-577-0963 FACSIMILE

WRITER LICENSED IN:
FLORIDA, ILLINOIS;
UNITED STATES DISTRICT
COURT: COLORADO AND
WESTERN DISTRICT OF
OKLAHOMA

September 1, 2010

Consumer Portfolio Services, Inc.
Attn: Legal Department
16355 Laguna Canyon Road
Irvine, CA 92618

      RE:   Ms. Mechell Thompson
              10331 Big Tree Terrace
              Jacksonville FL 32257
              Last Four Numbers of Ms. Thompson's SS#: 3738
              File/Reference Number: 001194370
              Telephone Numbers Called: (904) 525-3022, (904) 620-7666,
              (904) 994-6125

To Whom It May Concern:

    Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq., the Telephone Consumer Protection Act, 47 U.S.C. §227 and/or State law.

    Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives, and in fact, you should consider this correspondence revocation of any alleged express permission[1] granted by our client to call his or her cell phone.

---

[1] You bear the burden of proof with respect to whether our client gave you "prior express consent." *U.S. v. First City Nat. Bank of Houston*, 386 U.S. 361, 366, 87 S.Ct. 1088, 18 L.Ed.2d 151 (1967) (where one claims the benefit of an exception to the prohibition of a statute, that party carries the burden of proof); *see also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, FCC 07-232, CG Docket No. 02-278 (Dec. 28, 2007) ("To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications.")

      ARIZONA  \*  COLORADO  \*  FLORIDA  \*  GEORGIA
NEW MEXICO  \*  NEW YORK  \*  TENNESSEE  \*  TEXAS  \*  WASHINGTON

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of our client's right to compensation for the same without resort to expensive and unnecessary litigation. Our initial assessment of this matter is that before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the alleged outstanding debt owed by our client (which we hereby dispute and demand proof of). The violations that have occurred include, but are not limited to:

1. Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family, or willfully engage in other conduct which can reasonably be expected to harass the debtor or any member of her or his family (Fla. Stat. § 559.72(7);

2. Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed in collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if final judgment is obtained (Fla. Stat. § 559.72(4);

3. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist (Fla. Stat. § 559.72(9);and

4. Placing a non-emergency telephone call using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs prior express consent, for which Plaintiff was charged for the call (47 U.S.C.§ 227(b)(1)(A)(iii).

As you are aware, our client is entitled to up to $1,000 statutory damages for your FDCPA violations, plus actual damages suffered, 15 U.S.C. §1692(k), including emotional distress damages deserving of compensation. Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). You are also aware that our client may be entitled to statutory damages of up to $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (2)(A) and (b)(1). Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). In addition to the above, the FDCPA also provides for the recovery of attorneys' fees and costs.

Further, our client is entitled to damages under the Telephone Consumer Protection Act (TCPA). Congress' purpose in passing the same was , *inter alia*, to protect the privacy interests of telephone subscribers by placing restrictions on unsolicited, automated telephone calls via and automatic dialers. *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 975 F. Supp. 329 (S.D. N.Y. 1997), affirmed 156 F. 3d 432. The statute was enacted in response to an increasing number of consumer complaints that such calls are a "nuisance and an invasion of privacy." *Id*; see also *Missouri ex rel. Nixon v. Amer. Blast Fax, Inc.*, 323 F. 3d 649, 657 n. 5 (8th Cir. 2003). The TCPA authorizes recovery of either the actual monetary loss or statutory damages of $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). Further, courts can treble the damages award if the court finds that the

defendant's violations were committed "willfully or knowingly," 47 U.S.C. § 227(b)(3), which courts have generally interpreted to imply only that an action was intentional. *Smith v. Wade*, 461 U.S. 30, 41 n. 8, 103 S. Ct. 1625 (1983); *Sengenberger v Credit Control Services, Inc.*, 2010 WL 1791270 (N.D. Ill. 2010).

I am sure your company can appreciate the need to address this issue with our client and the need to avoid unnecessary litigation. Our client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter for $4,500.00, inclusive of fees and costs plus your company's, and its assigns', agreement to cease all collection activities with our client, and to update, correct and prevent any and all future "robo calls" to our client. This demand is inclusive of all statutory and actual damages both in the form of emotional distress, economic loss, and attorneys' fees and costs.

As I am sure you are aware, decisions from around the country have proven time and again that a substantial award can be obtained should our client have an opportunity to present this case to a jury. See *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.*, 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman*, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989)(actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles*, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); *Southern Siding Company, Inc, v. Raymond*, 703 So.2d 44 (La. App., 1st Cir. 1997)(Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); *Venes v. Professional service Bureau*, 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. See *Belile, Crossley, Littles, Raymond*.

In conclusion, you are hereby further directed to cease and desist all collection activities until the alleged debt is verified. Further, if you chose to ignore this letter seeking settlement, then we will have no choice but to pursue our client's claims in a court of law. Please be advised that if such circumstances should arise, our demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Alex Weisberg
Attorney at Law

AW/js
cc: Mechell Thompson